UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-80175-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

NICOLE BENJOINO

        Defendant.
_____/

## EXPEDITED SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED by and between the United States of America and Petitioner Broker Solutions Inc. dba New American Funding (hereafter, "Petitioner") to compromise and settle its interest in the following property (hereafter, the "Property"): A real property located at 2701 Yarmouth Drive, Wellington, Florida 33414, and legally described as:

**All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 2701 Yarmouth Drive, Wellington, Florida 33414, and more particularly described as: Lot 9, Block 69, Greenview Shores No. 2 of Wellington (P.U.D.), according to the map or plat thereof, as recorded in Plat Book 31, Page(s) 120 through 136, inclusive, of the Public Records of Palm Beach County, Florida. Parcel Identification Number: 73-41-44-09-02-069-0090**

    This stipulated settlement is entered into between the parties pursuant to the following terms:

1. The parties to this Agreement hereby stipulate that **BROKER SOLUTIONS INC. DBA NEW AMERICAN FUNDING** had a prior vested or superior interest in the Property or was a bona fide purchaser for value of the right, title, or interest in the Property, and that any violations of 21 United States Code Section 841 involving the Property occurred without knowledge and consent of **BROKER SOLUTIONS INC. DBA NEW AMERICAN FUNDING**.

2. The United States agrees that upon interlocutory sale of the Property pursuant to an order of the Court, or upon conviction of the captioned defendant and entry of a final order of forfeiture forfeiting the Property to the United States and sale of the Property pursuant to the final order of forfeiture, the United States will not contest payment to **BROKER SOLUTIONS INC. DBA NEW AMERICAN FUNDING**

from the proceeds of sale, after payment of outstanding taxes and the expenses incurred by Department of Homeland Security in connection with its custody and sale of the Property, the following:

    a.    All unpaid principal due to the Petitioner under the June 23, 2015 Note attached hereto as exhibit A, which was secured by a Mortgage recorded in official records of Palm Beach County Florida, and attached hereto as exhibit B, that is, $175,418.83 and

    b.    All unpaid interest at the contractual base rate (not the default rate) under the above Note, that is as of December 1, 2017 $456.81, assessed at $15.02 percent per diem until the date of payment.

    c.    All casualty insurance premiums paid by the **Broker Solutions Inc. dba New American Funding** until the date of the payment.

3. The payments to Petitioner **BROKER SOLUTIONS INC. DBA NEW AMERICAN FUNDING** shall be in full settlement and satisfaction of all claims by **BROKER SOLUTIONS INC. DBA NEW AMERICAN FUNDING** to the Property and of all claims arising from and relating to any seizure, detention, or forfeiture of the Property.

4. Upon payment, Petitioner **BROKER SOLUTIONS INC. DBA NEW AMERICAN FUNDING** agrees to assign and convey its security interest to the United States via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by **BROKER SOLUTIONS INC. DBA NEW AMERICAN FUNDING** and its agents that currently exist or that may arise as a result of the Government's actions against and relating to the Property.

5. Petitioner **BROKER SOLUTIONS INC. DBA NEW AMERICAN FUNDING** agrees not to pursue against the United States any other rights that it may have under the mortgage instrument, including but not limited to the right to foreclose upon and sell the Property and any right to assess additional interest or penalties.

6. Petitioner agrees to notify the U.S. Attorney promptly if it learns of any condition that might make an interlocutory sale appropriate. Without limitation, Petitioner shall notify the U.S. Attorney at the end of the first payment cycle in which a payment is not made by the debtor under the terms specified in the note. Petitioner further agrees to join in any motion by the U.S. Attorney for interlocutory sale of the Property and any motions to remove occupants who fail to abide by the terms of an occupancy agreement. Petitioner shall endorse such government motions within ten days of receipt of the motion.

7. Petitioner understands and agrees that by entering into this expedited settlement of its interest in the Property, it waives any rights to litigate further its interest in

the Property and to petition for remission or mitigation of the forfeiture. However, Petitioner understands that it must timely file a petition pursuant to Title 21, United States Code, Section 853(n). Thereafter, if this Agreement is approved by the Court, then unless specifically directed by an order of the Court, **BROKER SOLUTIONS INC. DBA NEW AMERICAN FUNDING** shall be excused and relieved from further participation in this action.

8. Petitioner understands and agrees that the United States reserves the right to void the expedited settlement agreement if, before payment of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lienholder is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Property. In either event, the Government shall promptly notify the mortgagee or lienholder of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees.

9. The parties agree to execute further documents, to the extent necessary, to convey clear title to the Property to the United States and to implement further the terms of this settlement. Each party agrees to bear its own costs and attorneys' fees.

10. Payment to the Petitioner pursuant to this settlement agreement is contingent upon a court-authorized interlocutory sale of the Property or forfeiture of the Property to the United States, the United States' prevailing against any third parties alleging claims in an ancillary proceeding, and the court's entry of a final order of forfeiture. Further, the terms of this settlement agreement shall be subject to approval by the United States district court. Violation of any terms or conditions herein shall be construed as a violation of an order of the court.

DATED: 4/19/18

Respectfully submitted,

BENJAMIN A. GREENBERG
UNITED STATES ATTORNEY

BY _____
Mark Lester
Assistant United States Attorney
Attorney for Plaintiff
United States of America

_____
Attorney for Petitioner
Broker Solutions Inc. DBA New American Funding

3